ELIZABETH NOBLE v. JAMES FAIRS, GEO. H. WHITE AND CHAS. B. JUDD.

*Suggestion of claim for mesne profits — Value.*

1. The trial judge's finding of mesne profits, upon the suggestion of a claim therefor, is conclusive as to amount, if not excepted to, in a review on case made.

2. The suggestion of a claim for mesne profits (How. Stat. § 7831) is in effect a declaration in assumpsit for use and occupation, and may not only be made before defendant has received any payment but is not limited to the payment received.

3. The amount of rent paid may be shown as bearing upon the value of the use and occupation.

4. The suggestion of a claim for mesne profits is filed in a case already in court (How. Stat. § 7830) and the record in that case sufficiently shows the claimant's right to the premises, and identifies the judgment in his favor.

Case made from Kent. (Montgomery, J.) November 18, 1885.—January 6, 1886.

Claim for mesne profits. Claimant had judgment. Affirmed.

*John E. More* for claimant. The Supreme Court has nothing to review on case made if the record does not show what errors are relied on : *McMillan v. Cheese Factory* 23 . Mich. 544; *Wilkinson v. Earl* 39 Mich. 626; and if a statement of them was not filed and served as required by Circuit Court Rule 84 : *Tuxbury v. French* 39 Mich. 190.

*Benj. C. Girdler* and *Jas. A. Rogers* for appellant.

SHERWOOD, J.   On the 28th of August, 1883, the plaintiff brought ejectment against the defendants to recover lot 6 in Boynton & Judd's Lake addition to the city of Grand Rapids, and on ·January 31, 1884, judgment was· rendered in her favor.   On the 18th of June thereafter, the plaintiff filed in the case, in pursuance of How. Stat. § 7829, a suggestion of claim against defendant Charles B. Judd, for mesne profits of the lot in question for the time he occupied it or controlled possession thereof.   The issue joined on this suggestion was tried before Hon. Robert M. Montgomery, presiding in Kent circuit, without a jury ; and on the 24th day of April, 1885, he rendered a judgment in favor of the plaintiff and against the defendant Judd for ten dollars damages, and costs of the suit.   This judgment we are asked to reverse.

The proceedings at the circuit are now before us for review upon a case made containing, besides the record proper, the evidence taken upon the trial and the findings of the circuit judge thereon.   From the findings of fact it appears : (1) Plaintiff was the owner of the lot in question from May 8, 1882, up to the time her suggestion was filed. (2) From May 8, 1882, until September 20, 1883, defendant Judd occupied· the lot by his tenant, James Fairs, and enjoyed the mesne profits thereof during that time.   (3) The value of said mesne profits for the time stated was ten dollars.   (4) Judd did not receive any part of the sum due him from Fairs for the rent of the lot until after plaintiff filed her suggestion of claim for mesne profits.   From these findings, the circuit judge's conclusion of law was that plaintiff was entitled to recover from Judd the said sum of ten dollars

and costs of suit. Judd took no exceptions either to the findings of fact or the conclusion of law.

Circuit Court Rule No. 89 provides that, within four days after the filing of the completed finding of facts and conclusion of law, any party aggrieved may allege in writing his exceptions to the matters of law embodied in such finding, and such exceptions shall be settled in the same bill, which may contain the exceptions taken during the trial, and in the same manner with bills in other cases. The defendant has, however, made and filed the statement of errors relied on as required by Rule 84, and we must therefore look into the record to ascertain what foundation may exist for those presented to this Court by counsel for defendants.

Defendants' counsel claims that plaintiff's proofs are not such as will authorize a recovery. The testimony as to the value of the annual use of the property was from one of the defendants, to whom the defendant Judd rented the property, and is very strong. The court in his findings places it at the lowest sum testified to, and his finding, not having been excepted to, is conclusive upon that subject.

Defendant further insists that the rents, not having been received at the time the action was commenced or suggestion made, no recovery could be had. This view, however, cannot be sustained. The suggestion authorized by the statute is, in substance, a declaration in assumpsit for use and occupation. How. Stat. § 7831. It is for the value of the use of the premises, while withheld by the defendant, that the plaintiff is entitled to recover, and what he may have received for such use. While it is proper testimony upon the subject of its value, it is neither controlling nor binding upon the plaintiff. She would certainly be entitled to recover that amount and as much more as she could show the value of the use of the premises to be worth. Our statute providing for the recovery of mesne profits is taken from the New York statute on the same subject. See 2 N. Y. Rev. St. (4th ed.) 570, §§ 43–51. Section 47 of our statute (How. Stat. § 7833) is in exactly the same words as section 47 of the New York statute. The New York courts hold that the

action for mesne profits under the statute is substantially an action for use and occupation. *Holmes v. Davis* 19 N. Y. 488, 495 ; *Woodhull v. Rosenthal* 61 N. Y. 382, 394. In the latter case the court say : " The action for mesne profits is now, in substance, an action for use and occupation, and the complaint is to be drawn on that theory; and the court is to render judgment, as in actions of assumpsit for use and occupation."

The first finding of the court determined the right of the plaintiff to the rental value, and the length of time she was entitled to the same, and this finding can not be disturbed by this Court.

There is nothing in the objection that the suggestion does not sufficiently describe the judgment in ejectment. The statute requires it to be filed in that case, and it becomes a part of the record thereof. How. Stat. § 7830. That record shows the plaintiff's right to the premises, and no other testimony than that contained in the record was necessary in this case, to show her expulsion therefrom.

Upon the facts and findings appearing in this record, we think the judgment was fully warranted, and it must be

Affirmed, with costs.

CAMPBELL, C. J. and MORSE, J. concurred.